UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 95-10324
Summary Calendar

PAUL J. CONNALL,

                                        Plaintiff-Appellant,
                    and

JAMES RUSSELL HULL,

                                        Plaintiff,

VERSUS

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; R. DREWRY, WARDEN;
C. BELL, WARDEN; J.V. YOUNG, WARDEN; W. STEPHENS, MAJOR,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(1:94-CV-101-C)
_____

October 30, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIUM:[1]

Paul Jeffrey Connall, an inmate at the Texas Department of Criminal Justice (TDCJ-ID), appeals the dismissal of his claim. Because we agree with the district court that the claim is frivolous, we **AFFIRM**.

_____

[1]    Local Rule 47.5.1 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

I.

Connall brought this 42 U.S.C. § 1983 action against various officers and employees of TDCJ-ID, claiming that the policy of forced racial integration of cells violated his federally-protected rights.[2]  Connall alleged both that the defendants violated the consent decree in **Lamar v. Coffield**[3] and that their failure to afford him a racially segregated cell assignment also violated the Eighth and Fourteenth Amendments.

The magistrate judge held a **Spears** hearing and then recommended dismissing Connall's complaint as frivolous, pursuant to 28 U.S.C. § 1915(d); and Connall filed objections to the magistrate judge's report.  The district court, over those objections, adopted the report and dismissed the complaint as frivolous.

II.

A complaint is frivolous if it lacks an arguable basis in law or fact.  28 U.S.C. § 1915(d); *e.g.*, **Ancar v. Sara Plasma, Inc.**, 964 F.2d 465, 468 (5th Cir. 1992).  This court reviews the district court's dismissal as frivolous only for abuse of discretion.  **Ancar.**  It is inappropriate to dismiss a claim as

---

[2]  James Russell Hull was a named plaintiff in the original complaint.  However, the district court dismissed Hull's claims without prejudice due to his failure to pay the filing fee or file an application to proceed IFP.

[3]  **See Ruiz v. Estelle,** 650 F.2d 555, 570 (5th Cir. 1981) (subsequent history not noted) for reference.  The consent decree was not made part of the record.  However, because, as discussed *infra*, a violation of a consent decree cannot form the basis of a §1983 action, we need not consider what, if anything, the decree required the defendants to do.

frivolous if, with additional factual development, the allegations may pass § 1915(d) muster. *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

## A.

To the extent that Connall's claim concerns a violation of a consent decree, it is not cognizable under §1983 because, under the law of this circuit, a remedial decree does not create rights secured by the laws within the meaning of §1983. *Galloway v. State of Louisiana*, 817 F.2d 1154, 1157 (5th Cir. 1987). "[A] remedial court order, standing alone, does not serve as the basis for § 1983 liability." *Green v. McKaskle*, 788 F.2d 1116, 1124 (5th Cir. 1986).

## B.

### 1.

Racial segregation in prisons is unconstitutional, except to the extent necessary for prison security and discipline. *Lee v. Washington*, 390 U.S. 333, 333-34 (1968). Connall has no constitutionally protected liberty interest in being provided a racially-segregated, and therefore unconstitutional, cell assignment based solely on his desire not to be so assigned. His assignment does not violate the Fourteenth Amendment.

### 2.

The Eighth Amendment does provide prisoners protection against injury at the hands of other inmates. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). However, in order to establish liability under the Eighth Amendment for denial of protection

against harm from other inmates, the prisoner must show deliberate indifference by prison officials. *Id.* at 1260. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it". *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994).

Based upon the *Spears* hearing, the magistrate judge made the following factual findings, which the district court adopted:

> Although [Connall] claims to have a number of enemies . . . , none of the instances in which he refused his cell assignment has even been alleged to [involve] one of those enemies.
>
> The sole reason espoused for [Connell's] refusal for integration has been his desire to maintain his racist attitude and belief.
>
> There is no evidence of any alleged assault during the times that [Connall] [has been] an inmate at the French Robertson Unit, [TDCJ-ID] . . . .

The magistrate judge concluded that "[Connall had] not been assaulted or injured as a result of any forced integration." Therefore, no harm existed to which the defendants could have been deliberately indifferent.

In Connall's objections to the magistrate judge's report, he alleged that he had been a victim of violence and theft by black and hispanic inmates. However, even if the district court had construed the objection as a motion to amend his complaint to allege those additional facts,[4] the court would have been within

---

[4]  *See **McGruder v. Phelps***, 608 F.2d 1023, 1025 (5th Cir. 1979).

its discretion in dismissing the claim as frivolous because Connall has not alleged that the defendants were deliberately indifferent in connection with those additional facts.[5]

### III.

For the foregoing reasons the judgment of the district court is

**AFFIRMED.**

---

[5] Connall's motion to file a supplemental brief is **DENIED.**